### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | | |
|---|---|---|
| Charles Williams, | ) | Cr. No. 1:10-968-MBS |
| | ) | |
| Movant, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Charles Williams ("Movant"), a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 2011, a federal grand jury returned a thirteen count indictment against Movant and thirteen co-defendants. Movant was named in two of the thirteen counts and charged with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 280 grams or more of cocaine base, and a quantity of marijuana (Count 1); and use of a communication facility in furtherance of a conspiracy to distribute cocaine, cocaine base, and marijuana (Count 10). ECF No 417. On May 23, 2011, Movant pleaded guilty to Count 1 pursuant to a written plea agreement. *See* ECF No. 525. On June 27, 2011, Movant entered a plea of guilty before the court, and an amended plea agreement correcting the possible penalties was subsequently filed. ECF Nos. 549 & 553.

Prior to sentencing, a presentence investigation report ("PSR") was prepared in which Movant's base offense level was calculated at 36. ECF No. 654 at 16. He received a two-point increase for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1) and a three-level decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)-(b). ECF No. 654 at 17. With a total offense level of 35 and a criminal history category of I, Movant's Sentencing Guidelines

range was calculated at 168 to 210 months imprisonment. ECF No. 654 at 19. Movant was subject to a statutory minimum term of imprisonment of 120 months. ECF No. 654 at 19. Movant's attorney submitted an objection to the firearm enhancement calculated in the PSR on September 14, 2011. *See* ECF No. 654-3.

On October 25, 2011, the Government filed a motion to depart from guidelines, recommending that Movant be granted a downward departure based on his substantial assistance with the investigation. ECF No. 705. At a sentencing hearing on October 27, 2011, the court sustained Movant's objection to the firearm enhancement. ECF No. 721. The PSR indicated that two guns were discovered in Movant's home pursuant to a search warrant, and a co-defendant claimed that he had seen Movant with a gun during a drug transaction on at least one occasion. ECF No. 654 at ¶¶ 13, 14, 29. The court declined to apply the gun enhancement because there was no evidence that the guns found when Movant was arrested were ever used in connection with his drug transactions. ECF No. 973-1 at 12-13. In declining to apply the gun enhancement, Movant's total offense level was reduced to 33, resulting in a new Sentencing Guidelines range of 135-168 months.

Subsequently, the court entertained the Government's motion to depart from the guidelines. The Government requested a ten percent reduction in Movant's sentence based on his cooperation with the Government's investigation. *Id.* at 14-15. The court granted the motion. In addition, the court applied a 1:1 powder cocaine to crack cocaine ratio to determine Movant's sentence. In applying the ratio, Movant's total offense level was reduced to 27 with a Sentencing Guidelines range of 70-87 months. ECF No. 654 at 21. However, because Movant's conviction was subject to a mandatory minimum sentence of 120 months, the court applied the ten percent reduction to the mandatory minimum sentence of 120 months. The court sentenced Movant to 100 months imprisonment to be followed by a five-year term of supervised release. ECF No. 727.

Movant timely filed the within § 2255 motion on August 20, 2012, asserting that he received ineffective assistance of counsel at sentencing. ECF No. 922. On November 8, 2012, the Government filed a motion for summary judgment. ECF No. 973. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on November 8, 2012, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 974. Movant filed a reply to the Government's response on November 29, 2012. ECF No. 995.

## II. LEGAL STANDARDS

### A. Summary Judgment

Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.*

### B. Motions to Vacate Generally

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution

or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the motion without holding a hearing. Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that the prisoner is entitled to no relief).

Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994)). However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the [movant] could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

## C. Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, a movant must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. A movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding

4

would have been different.  *See id.* at 694.  *Strickland* requires a movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Id.* at 690.  The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  *Id.*  Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment.  *Id.* at 694.

With respect to a consideration of the two-pronged test of deficiency and prejudice outlined in *Strickland*, an evidentiary hearing is required under § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief.  *See United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000).  *See also United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) ("When a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary.").  However, "no [evidentiary] hearing is required if the [movant's] allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Jackson v. United States*, 638 F. Supp. 2d 514, 528 (W.D.N.C. 2009) (internal quotations omitted). Whether an evidentiary hearing is necessary, and whether a movant's presence is required, is left to "the common sense and sound discretion" of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

## III. ANALYSIS

In his motion to vacate, Movant asserts only one ground for relief.  Movant contends that his counsel was ineffective for failing to explain the safety valve provision of 18 U.S.C. § 3553(f).  It is Movant's contention that had his attorney explained the provision to him, he would have

5

requested that his counsel file a motion requesting the application of the safety valve.  ECF No. 922-1 at 3.  The Government counters that Movant meets all of the safety valve criteria except for 18 U.S.C. § 3553(f)(2), and that counsel's failure to request the application of the safety valve was not deficient performance.  *See generally* ECF No. 973.

The safety valve provision outlined in 18 U.S.C. § 3553(f) permits a sentencing court to disregard a statutory minimum sentence and impose a sentence pursuant to the Sentencing Guidelines if the court determines that certain criteria are met.  In order to apply the safety valve, the court must determine that:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of other in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).  The "application of the safety valve is mandatory where five specific factors are present."  *United States v. Moreno*, 67 F. App'x 161, 162 (4th Cir. 2003) (citing *United States v. Beltran-Ortiz* 91 F.3d 665, 667 n.1 (4th Cir. 1996)).  The Court of Appeals for the Fourth Circuit has held that a district court's failure to apply the safety valve provision where the five factors are present is plain error.  *Moreno*, 67 F. App'x at 162.  Accordingly, in cases where the five factors are present, a defendant's trial counsel demonstrates deficient performance by failing to argue

6

application of the safety valve to the court.

In this case, it is undisputed that Movant met four of the five factors. *See* ECF No. 973 at 4. Movant did not have more than one criminal history point; his offense did not result in death or injury to a person; he was not engaged in a continuing criminal enterprise; and he truthfully provided all evidence and information concerning his offense to the Government. The Government only contends that Movant did not meet the second criterion for the safety valve based on the allegations in the PSR that Movant possessed a gun. The Government also cites the affidavit of Movant's trial counsel in support of this contention. Movant's trial counsel asserts that he did not explain the safety valve provision to Movant because he did not meet the second prong, so an explanation of the provision would have been to no avail. ECF No. 973-2 at ¶ 7. However, Movant's trial counsel filed an objection to the paragraphs of the PSR that alleged Movant possessed a firearm. ECF No. 973-2 at ¶8. The filing of the objection based on the firearm indicates that Movant's trial counsel, at the very least, determined that the Government could not likely prove that Movant possessed a firearm in connection with the drug transactions at issue. If Movant's trial counsel determined that the Government could not prove that Movant possessed a firearm as alleged, then Movant's trial counsel should have reasonably determined that the safety valve provision might have been applicable to Movant. Even if Movant's trial counsel found that the safety valve provision was inapplicable prior to the sentencing hearing based on allegations in the PSR, once the court sustained Movant's objection, counsel should have moved the court to apply the safety valve provision. The court found that the allegations in the PSR with respect to the firearm could not be proven, which indicates that there was no evidence that Movant used violence or weapons in connection with the drug offense. Thus, in the absence of evidence to the contrary, the court could have found that Movant met all of the criteria required for application of the safety valve provision. Therefore, it

appears to this court that Movant's trial counsel's failure to raise the safety valve issue with the court falls outside of the "wide range of professionally competent assistance" required at sentencing.

Movant contends that had the court been moved to apply the safety valve provision during sentencing, he would have been granted a reduction in his sentence pursuant to U.S.S.G. § 5C1.2. Although the failure of Movant's trial counsel to raise the safety valve issue constitutes deficient performance, his assistance was not ineffective if Movant suffered no prejudice as a result. Movant would have borne the burden of proving that he was eligible for the safety valve provision. *See Beltran-Ortiz*, 91 F.3d at 669. However, Movant's trial counsel never presented relevant argument on the issue to the sentencing court on Movant's behalf. If this court would have found that the safety valve was applicable because Movant did not use violence, credible threats of violence, or possess a firearm in connection with the offense charged, then Movant's sentence would have been greatly reduced. Accordingly, because this court finds that there is a genuine issue of material fact as to whether Movant used violence, credible threats of violence, or possessed a gun in connection with the offense charged, the court will hold an evidentiary hearing in accordance with Rule 8 of the Rules Governing § 2255 Proceedings.

### IV. CONCLUSION

For these reasons, the court holds Movant's motion to vacate in abeyance pending an evidentiary hearing. Counsel will be appointed for this hearing under 18 U.S.C. § 3006A, as provided by Rule 8, unless Movant elects to obtain his own counsel. Movant must inform the court if he elects to obtain his own counsel within thirty (30) days from the date of this order. If the court does not receive this notice from Movant, the court will appoint counsel under 18 U.S.C. § 3006A. Any appointment of counsel will be limited solely to the evidentiary hearing addressing Movant's sole ground for relief. Movant is directed to bring to this hearing any and

all supporting documentation he has in his possession regarding this issue.  A notice of hearing will be issued from the Office of the Clerk of Court.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **DENIES** a certificate of appealability.


**IT IS SO ORDERED.**


 /s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge


Columbia, South Carolina
May 7, 2015